## No. 76.

### JOHN SCHECKENBERGER v. CITY OF NEW ORLEANS.

The City has the right to enforce the demolition of a building erected over waters of a lake, the bed of which belongs to the State, where the State has authorized the City to erect a revetment levee upon the land occupied by the building.

The State cannot contract away its police power.

*Appealed from Sixth District Court, Parish of Orleans.*

*S. Belden*, attorney for plaintiff, appellant.

*E. H. Farrar*, attorney for defendant, appellee.

His Honor Judge Walter H. Rogers delivered the opinion and decree of the court in the words and figures following, to wit;

The plaintiff obtained from the authorities of the City of New Orleans permission to erect a building to be used as a house of public entertainment, attached to what is known as "revetment levee", bordering Lake Pontchartrain. In order to prevent the removal of this building by the city, an injunction has been obtained restraining the authorities on the ground—That the building is erected over the waters of the lake, resting upon posts and beyond the territorial jurisdiction of the City of New Orleans; that he has aquired a vested right in and to said buildings, and the business therein carried on by him. The levee to which reference has been made was constructed by express authority of the state, by act of 1871, No. 30, and there is no question that the title to the bed of the lake upon which this levee rests was in the state—; it was constructed for purposes of general utility—to drain the City of New Orleans and to protect it from overflow—; it is equally clear that the public power of the state extended over the premises. An examination of the acts of the legislature shows that the authority of the sovereign was delegated to the municipality for the purposes of constructing, fully and unreservedly, and provides that the act shall be favorably construed, so as to favor all the purposes and objects of the same—; incidental to this express grant of constructing follows the right to administer and control; the character of this work has been declared by the legislature, one in the interest of public order and that character can not be changed by any other authority. In the exercise therefore by the city of this form, they are clothed with certain discretion—; with this the courts will not interfere. The unwarrantable, arbitrary exercise in the abuse of this authority, producing consequences injurious to the citizens renders the corporation amenable to

Scheckenberger vs. City of New Orleans.

the courts—; it is in this way that wrongs so inflicted are re-dressed.

There can be no divestitution of right, secured by a con-tract, as shown by the facts in this case—the city nor the state do not contract away the police power—; the judge *a quo,* decided in favor of defendant. The decision is correct.

The judges of this court are not agreed to the judgment which should be rendered. Under the law, therefore, the judg-ment appealed from stands affirmed.

DISSENTING OPINION by Judge McGloin.

The issues in this case, are substantially the same as those in Frederick vs. City of New Orleans, and I dissent from the conclusions reached by my learned colleague in the case, for the same reasons given by me in the opinion delivered in the latter. In addition to the views therein elaborated, I believe that the particular ordinances and actions of the Mayor and Administrators of the City of New Orleans under considera-tion, are, unreasonable, partial and oppressive, to such an ex-tent, and should not only justify but compel judicial interven-tion. As, however, the number of opinions to be written this day is great, I have considered it advisable not at this time to elaborate these particular views, but to reserve the right here-after to prepare and present the same by way of a dissenting opinion in this case. I also believe, that under the textual provisions of our code, the building of such common taverns or any other structures, calculated to minister to the comfort or convenience of individuals, or the public, is a legitimate use made of the seashore, or the bed, when not within municipal limits, and forbidden by its authorities, that so long as such structures do not impede or affect navigation, or commerce, or in any way inconvenience others or violate the law, they are not nuisances.